NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2196
_____

RAYMOND PRICE, III;
LYNN M. PRICE,
Appellants

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
Nos. 1:13-4301; 1:13-8470

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 3, 2016

Before: McKEE, *Chief Judge,* SMITH, and HARDIMAN, *Circuit Judges*

(Filed: March 7, 2016)
_____

OPINION*
_____

SMITH, *Circuit Judge.*

In a comprehensive memorandum opinion dated December 16, 2014, the

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

United States Tax Court upheld, as explained therein, the tax deficiencies determined by the Commissioner of the Internal Revenue Service for taxable years 2009 through 2011 against appellants. This timely appeal followed.[1] Appellants contend that the Tax Court erred in finding (1) that their horse farm and automobile dealership undertakings were not a single activity, and (2) that the horse farm undertaking was not conducted for profit. We will affirm for the reasons stated below and for the reasons articulated by the Tax Court in its December 16, 2014, memorandum opinion.

"While we conduct plenary review of the Tax Court's legal conclusions, we review its factual findings, including its ultimate finding as to the economic substance of a transaction, for clear error." *Crispin v. Comm'r*, 708 F.3d 507, 514 (3d Cir. 2013) (quoting *ACM P'ship v. Comm'r*, 157 F.3d 231, 245 (3d Cir. 1998)). "The Commissioner's deficiency determination is entitled to a presumption of correctness and . . . the burden of production as well as the ultimate burden of persuasion is placed on the taxpayer." *Id.* (quoting *Anastasato v. Comm'r*, 794 F.2d 884, 887 (3d Cir. 1986)). The taxpayer must "prov[e] entitlement to a claimed deduction by a preponderance of the evidence." *Blodgett v. Comm'r*, 394 F.3d 1030, 1035 (8th Cir. 2005); Tax Court Rule 142(a). This burden may shift

---

[1] The Tax Court had jurisdiction pursuant to I.R.C. §§ 6213(a), 6214, and 7442. We have jurisdiction over final orders of the Tax Court pursuant to I.R.C. § 7482(a).

back to the Commissioner if the taxpayer introduces credible evidence with respect to any relevant factual issue and meets other conditions, including maintaining required records. I.R.C. § 7491(a); *Blodgett*, 394 F.3d at 1035.

Treasury Regulation 1.183-1(d)(1) states that "[g]enerally, the Commissioner will accept the characterization by the taxpayer of several undertakings either as a single activity or as separate activities." Such deference to the taxpayer will not be given, however, "when it appears that his characterization is artificial and cannot be reasonably supported under the facts and circumstances of the case." *Id.* The regulation provides several factors to be considered in determining whether two undertakings are part of the same activity. As a general rule, "all the facts and circumstances of the case must be taken into account." *Id.* However, "the most significant facts and circumstances in making this determination are the degree of organizational and economic interrelationship of various undertakings, the business purpose which is (or might be) served by carrying on the various undertakings separately or together in a trade or business or in an investment setting, and the similarity of various undertakings." *Id.*

In addition to the factors explicitly listed in Treasury Regulation 1.183-1(d)(1), courts consider other factors in determining whether the taxpayer's characterization is reasonable. These factors are:

(a) [w]hether the undertakings are conducted at the same place; (b) whether the undertakings were part of the taxpayer's efforts to find sources of revenue from his or her land; (c) whether the undertakings were formed as separate businesses; (d) whether one undertaking benefited from the other; (e) whether the taxpayer used one undertaking to advertise the other; (f) the degree to which the undertakings shared management; (g) the degree to which one caretaker oversaw the assets of both undertakings; (h) whether the taxpayer used the same accountant for the undertakings; and (i) the degree to which the undertakings shared books or records.

*Mitchell v. Comm'r*, 92 T.C.M. (CCH) 17, *4 (2006). The Tax Court thoroughly analyzed both the regulation's enumerated factors and the *Mitchell* factors, and its determination that appellants' horse farm and automobile dealership undertakings were not part of the same activity is not clearly erroneous.

Appellants have also failed to show that the horse farm undertaking was conducted with a profit motive. Treasury Regulation 1.183-2(b) enumerates nine non-exclusive factors to be considered in determining whether an activity is conducted for profit: (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which were earned; (8) the financial status of the taxpayer; and (9) elements of personal

4

pleasure or recreation. Again, "[n]o one factor is determinative in making this determination," and all facts and circumstances are to be taken into account. 26 C.F.R. § 1.183-2(b). Again, the Tax Court thoroughly analyzed these factors and did not commit clear error in determining that the horse farm undertaking was not conducted with a profit motive.

For the reasons stated herein, and for the reasons stated in the Tax Court's December 16, 2014, memorandum opinion, we will affirm the order of the Tax Court.